UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE T. K.,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Kilolo KIJAKAZI,<br><br>　　　　　　　　Defendant. | Case No.: 21-cv-1451-AGS<br><br>**ORDER GRANTING PLAINTIFF'S IN FORMA PAUPERIS STATUS (ECF 3)** |

Plaintiff moves to proceed in forma pauperis (IFP). Plaintiff qualifies to proceed without paying the initial filing fee, and his complaint states a claim for relief. So, the Court grants plaintiff's motion.

**Motion to Proceed In Forma Pauperis**

Typically, parties instituting a civil action in a United States district court must pay a filing fee of $402.[1] See 28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, a plaintiff can proceed without paying the fee. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Here, plaintiff owns one asset—a car valued at $4,000—and has no cash on hand. (ECF 3, at 3.) He has no income and no monthly expenses. (*Id*. at 4-5.) Plaintiff's normal monthly expenses are $673. (*Id*. at 1-2, 4-5.) The Court finds that plaintiff has sufficiently shown an inability to pay the initial $402 fee. *See Blount v. Saul*, No. 21-CV-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021) ("It is well-settled that a party need not be completely destitute to proceed IFP.").

---

[1] In addition to the $350 statutory fee, civil litigants must pay a $52 administrative fee. *See* 28 U.S.C. § 1914(a); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2020).

## 28 U.S.C. § 1915(e) Screening

When reviewing an IFP motion, the court must screen the complaint and dismiss it if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In the Social Security context, a plaintiff's complaint must set forth sufficient facts to support the legal conclusion that the Commissioner's decision was incorrect. "[T]o survive the Court's § 1915(e) screening," a plaintiff must (1) "establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision," (2) "indicate the judicial district in which the plaintiff resides," (3) "state the nature of plaintiff's disability and when the plaintiff claims she became disabled," and (4) "identify[] the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that plaintiff is entitled to relief." *Varao v. Berryhill*, No. 17-cv-02463-LAB-JLB, 2018 WL 4373697, at *2 (S.D. Cal. Jan. 31, 2018) (alteration and citation omitted).

Plaintiff meets all four elements to survive a § 1915(e) screening. First, plaintiff "exhausted all administrative remedies by seeking review with the Appeals Council," which denied his request on "June 14, 2021." (ECF 1, at 4.) Next, plaintiff claims to reside in Encinitas, California "within the jurisdictional boundaries of this Court." (*Id*. at 1.) The complaint also states the nature of plaintiff's disability: "bipolar disorder, borderline personality disorder, depression, attention deficit hyperactivity disorder (ADHD), and anxiety disorder" which rendered him disabled since "June 21, 2017." (*Id*. at 2-3.) Finally, plaintiff identifies the nature of his disagreement with the Social Security Administration's determination, arguing first that the ALJ "improperly rejected the opinion of [Dr. Lord]." (*Id.* at 4.) Based on these allegations, plaintiff's complaint is sufficient to survive the "low threshold" for proceeding past the § 1915(e) screening. *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

## Conclusion

For the reasons set forth above, the Court grants plaintiff's IFP motion.

Dated:  August 17, 2021

_____
Hon. Andrew G. Schopler
United States Magistrate Judge